UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NARCISO GUERRA SERRA<br>Plaintiff,<br>vs.<br>MARTIN O’MALLEY, Commissioner Of Social Security,<br>Defendant. | CASE NO. 24-cv-3304-RMI<br>~~[PROPOSED]~~ ORDER GRANTING PLAINTIFF’s PETITION FOR 42 U.S.C. §406(b) ATTORNEY FEES |

After Plaintiff Narciso Guerra Serra brought this action for review of the Commissioner of Social Security’s decision to deny benefits, the Court remanded the case, and after further proceedings, the Commissioner issued a favorable decision. Plainitff’s attorney, Katherine Siegfried, now seeks $14,500 in attorney fees under section 206(b) of the Social Security Act, 42 U.S.C. § 406(b). ECF No. 24. For the following reasons, the Court GRANTS the motion.

## I. RELEVANT FACTS AND PROCEDURAL HISTORY

Plaintiff retained the Law Office of Katherine Siegfried to represent him in his Social Security disability matter. The parties executed a written fee agreement dated May 13, 2024. Exhibit Fee Agreement. The agreement provides that, if Plaintiff’s case was appealed after a hearing decision and Plaintiff later won benefits, counsel could seek a fee for appellate work of up to twenty-five percent of back benefits awarded, subject to approval by either SSA or the federal court.

After receiving an unfavorable hearing decision, Plaintiff filed this civil action seeking judicial review of the Commissioner’s final decision. ECF No. 1.

On January 16, 2025, the Court entered an order remanding the case pursuant to sentence four of 42 U.S.C. § 405(g). ECF No. 19. The remand order provided that the Appeals Council would instruct the ALJ to further evaluate Plaintiff’s residual functional capacity, further evaluate Plaintiff’s case under the sequential evaluation process as appropriate, take further evidence from a vocational expert if necessary, take any further action necessary to develop the record, offer Plaintiff another hearing, and

issue a new decision. ECF No. 19 at 1-2. The order further stated that no aspect of the ALJ's decision was affirmed. ECF No. 19 at 2.

On February 28, 2025, the Court approved a stipulated EAJA fee award of $11,080.00 in attorney fees and $405.00 in costs. ECF No. 22. The order expressly provided that the EAJA award was subject to offset under the Treasury Offset Program. ECF No. 22 at 4.

On April 3, 2025, the Department of the Treasury notified Plaintiff, care of counsel, that the entire $11,080.00 EAJA fee payment had been applied to Plaintiff's delinquent non-tax federal debt owed to the Small Business Administration.

On June 21, 2026, SSA notified counsel that it was withholding $29,028.75, representing the balance of twenty-five percent of Plaintiff's and any eligible family members' past-due benefits, in anticipation of direct payment of an authorized attorney fee. Exhibit SSA Notice.

## II. RELEVANT FACTS AND PROCEDURAL HISTORY

Attorneys handling Social Security proceedings may seek fees for their work under both the EAJA and the Social Security Act. While the government pays an award pursuant to the EAJA, an award under the Social Security Act is paid out of a successful claimant's past-due benefits. See 42 U.S.C. § 406(b)(1)(A); *Russell v. Sullivan*, 930 F.2d 1443, 1446 (9th Cir. 1991), abrogated on other grounds by *Sorensen v. Mink*, 239 F.3d 1140, 1149 (9th Cir. 2001). Section 406(b)(1) provides that a federal court that "renders a judgment favorable to a claimant . . .who was represented before the court by an attorney" may grant the attorney "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." In passing § 406, Congress sought to protect attorneys from the nonpayment of fees, while also shielding clients from unfairly large fees. *Gisbrecht v. Barnhart*, 535 U.S. 789, 805 (2002).

The Supreme Court in *Gisbrecht* explained that § 406(b) is meant "to control, not to displace, [contingency] fee agreements between Social Security benefits claimants and their counsel." 535 U.S. at 793. Even if a fee request under § 406(b) is within the 25 percent statutory limit, the attorney bears the burden of showing that the fee sought is reasonable, and the court is responsible for serving as an "independent check" to ensure the reasonableness of the fee. Id. At 807. Following *Gisbrecht*, the Ninth Circuit has instructed that a § 406(b) fee request should be assessed by "looking first to the contingent-

fee agreement, then testing it for reasonableness." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc) (quoting *Gisbrecht,* 535 U.S. at 808). The court should consider "the character of the representation and the results the representative achieved," and determine "whether the amount [of fees specified in the contingency fee agreement] need be reduced," for such reasons as "substandard performance, delay, or benefits that are not in proportion to the time spent on the case." Id. at 1151. The reasonableness determination is not governed by the lodestar method, because "[t]he lodestar method under-compensates attorneys for the risk they assume in representing [social security] claimants and ordinarily produces remarkably smaller fees than would be produced by starting with the contingent-fee agreement." Id. at 1150.

## III. <u>DISCUSSION</u>

The Court finds counsel has met her burden to demonstrate that the requested fees are reasonable. As noted above, Plaintiff entered into a contingent fee agreement providing for a 25% fee, which is consistent with the statutory cap. There is no evidence that Siegfried's performance was substandard; to the contrary, counsel's representation resulted in Plaintiff receiving over $100,000 in past-due benefits. See *Matos v. Saul*, 2021 WL 1405467, at *2 (N.D. Cal. Apr. 14, 2021) (awarding 25% under contingent fee agreement where plaintiff received $109,899.60 in benefits upon remand); *Khlopoff v. Saul*, 2020 WL 7043878, at *2 (N.D. Cal. Dec. 1, 2020) (awarding 25% under contingent fee agreement where plaintiff received $73,209.00 in benefits upon remand).

Plaintiff's counsel states her non-contingency based hourly rate for appellate cases (not related to Social Security) is currently $500 per hour. *Siegfried Declaration.* She also states she spent 49.45 hours working on this case, leading to an effective hourly rate of less than $300 per hour. Further, the Court is mindful of the Ninth Circuit's instruction that "lawyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees" because "[t]he payoff is too uncertain." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). "As a result, courts should generally defer to the 'winning lawyer's professional judgment as to how much time he was required to spend on the case.'" *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (quoting *Moreno*, 534 F.3d at 1112); see also *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) ("The courts recognize that basing a reasonableness determination on a simple hourly rate basis is inappropriate when

an attorney is working pursuant to a reasonable contingency contract for which there runs a substantial risk of loss."). As such, the requested fee is reasonable because of the substantial risk of loss. See *Crawford*, 586 F.3d at 1153 (approving effective hourly rates of $519, $875, and $902); *McCullough v. Berryhill*, 2018 WL 6002324 (N.D. Cal. Nov. 15, 2018) (approving effectively hourly rate of $874.72); *Harrell v. Berryhill*, 2018 WL 4616735, at *4 (N.D. Cal. Sept. 24, 2018) (finding de facto hourly rate of $1,213 reasonable under *Gisbrecht*); *Lopez v. Colvin*, 2017 WL 168060, at * 2 (N.D. Cal. Jan. 17, 2017) (approving effective hourly rate of $1,131); *Palos v. Colvin,* 2016 WL 5110243, at * 2 (C.D. Cal. Sept. 20, 2016) (approving effective hourly rate of $1,546.39). The Court therefore finds the requested fees are reasonable.

Once the Court determines that the fee sought under § 406(b) is reasonable, it must account for the attorney's fees paid by the Commissioner under the EAJA. *Gisbrecht*, 535 U.S. at 796. "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits" by requiring the claimant's attorney to refund to the claimant the amount of the smaller fee up to the point where the claimant receives 100% of the past-due benefits. *Gisbrecht*, 535 U.S. at 796. Here, the Court finds counsel's § 406(b) request reasonable, and that the entire EAJA fee was offset by the Treasury. Therefore, Counsel is not required to refund any of the EAJA fees awarded in this matter.

## IV. CONCLUSION

For the reasons stated above, the Court GRANTS counsel's motion for attorney's fees. The Commissioner is directed to certify fees under 42 U.S.C. § 406(b) in the amount of $14,500, payable to Katherine Siegfried. The Court ORDERS the award of attorney fees pursuant to 406(b) to be paid out of Plaintiff's past-due benefits in accordance with agency policy, to the extent that such past-due benefits are available and not used to pay an attorney fee under 406(a).

**IT IS SO ORDERED.**

Dated: 8/31/2026

HONORABLE ROBERT M. ILLMAN
United States Magistrate Judge